### IN THE UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF ALABAMA
### NORTHERN DIVISION

| | |
|---|---|
| **WELLS FARGO BANK, N.A.,** ) | |
|     **PLAINTIFF,** ) | |
| **VS.** ) | 2:12-cv-107-JHH |
| **3G PROPERTIES, LIMITED** ) **LIABILITY COMPANY; and** **GARY D. SCOTT,** ) | |
|     **DEFENDANTS.** ) | |

### MEMORANDUM OPINION

The court has before it the March 29, 2012 Amended Motion (Doc. #10) for Default Judgment filed by Plaintiff Wells Fargo Bank, N.A. The Amended Motion seeks default judgment against Defendants 3G Properties, Limited Liability Company and Gary D. Scott pursuant to Federal Rule of Civil Procedure 55(b) for failure to appear, plead or otherwise defend the instant action filed by Plaintiff Wells Fargo Bank, N.A. For the reasons stated below, the Motion (Doc. #10) is due to be granted.

**I. Procedural History**

The Complaint was filed in this court on January 11, 2012, alleging breach of contract, money had and received and unjust enrichment. (Doc. #1.) That same day a summons was issued for both Defendants, and on January 24, 2012, both

Defendants were served with the summons and Complaint. (See Docs. 3 & 4.) After review of the pleadings and docket sheet, the court finds that service was proper and effective as to both Defendants as of January 24, 2012.

Under Federal Rule of Civil Procedure 12, Defendants had twenty-one (21) days after being served with the summons and complaint to answer the Complaint. Fed.R.Civ.P. 12(a)(1)(A). Therefore, Defendants's answer was due by February 14, 2012. Id. That date came and went without anything from Defendants.

On February 28, 2012 Wells Fargo Bank, N.A. filed an Application (Doc. #6) for Entry of Default due to Defendants failure to appear, plead or otherwise defend this action.[1] On March 1, 2012, the court issued an order (Doc. #8) detailing the pertinent events in the history of the case to that point and, based on that history, concluding that entry of default was appropriate as to Defendants 3G Properties, Limited Liability Company and Gary D. Scott. (Id. at 1-2.) Instead of entering default in that order, however, the court gave the Defendants one last chance to show why default should not be entered and ordered that such cause be shown by March

---

[1] Plaintiff filed its original Motion (Doc. #5) for Default Judgment simultaneously with its Application for Entry of Default. The court could consider this motion at that time, however, because under Federal Rule of Civil Procedure 55, there must be an entry of default as provided by Rule 55(a) before a party can obtain a default judgment. See generally C. Wright & A. Miller, Federal Practice and Procedure § 2682. Therefore, the court held the Motion for Default Judgment in abeyance until after it entered default on March 15, 2012.

14, 2012.[2]  (Id. at 2.)  That date passed without anything from Defendants, and the court entered default against 3G Properties, Limited Liability Company and Gary D. Scott on March 15, 2012.  (Doc. #9.)   The Motion (Doc. #5) for Default Judgment, filed earlier on February 28, 2012 with the Application for Entry of Default, is now properly before the court.  Plaintiff filed an Amended Motion[3] (Doc. #10) for Default Judgment on March 29, 2012.

## II.  Discussion

It is well established that a "district court has the authority to enter default judgment for failure . . . to comply with its orders or rules of procedure."  Wahl v. McIver, 773 F.2d 1169, 1174 (11th Cir. 1985).   That being said, however, in this Circuit, "there is a strong policy of determining cases on their merits and we therefore view defaults with disfavor." In re Worldwide Web Systems, Inc., 328 F.3d 1291, 1295 (11th Cir. 2003).

Where, as here, Defendants  3G Properties, Limited Liability Company and Gary D. Scott have failed to appear, plead or otherwise defend the lawsuit for over two months, entry of default judgment is appropriate.  Indeed, Rule 55 itself provides

---

[2] The court directed the clerk to mail its order to the addresses in the record for the Defendants, which was done on March 1, 2012.  (See docket entry dated 3/1/2012.)

[3] The Amended Motion corrects a mathematical error in the original Motion.

for entry of default and default judgment where a defendant "has failed to plead or otherwise defend." Fed.R.Civ.P. 55(a).  In a variety of contexts, courts have entered default judgment against defendants who have failed to appear and/or failed to defend in a timely manner following proper service of process.  See, e.g., In re Knight, 833 F.2d 1515, 1516 (11th Cir. 1987) ("Where a party offers no good reason for the late filing of its answer, entry of default judgment against that party is appropriate."); PNCEF, LLC v. Hendricks Bldg. Supply LLC, 740 F. Supp.2d 1287, 1290 (S.D.Ala. 2010); Kidd v. Andrews, 340 F.Supp.2d 333, 338 (W.D.N.Y. 2004) (entering default judgment against defendant who failed to answer or move against complaint for nearly three months).   In short, then, "[w]hile modern courts do not favor default judgments, they are certainly appropriate when the adversary process has been halted because of an essentially unresponsive party ." Flynn v. Angelucci Bros. & Sons, Inc., 448 F.Supp.2d 193, 195 (D.D.C.2006) (citation omitted). That is precisely what the Defendants have  done here. Despite being served with the Summons and Complaint on January 24, 2012, and notified by the court of the default proceedings initiated against them (see Doc. #8),  3G Properties, Limited Liability Company and Gary D. Scott  have declined to appear, plead or otherwise defend, and has thereby stalled the progress of this litigation.  Therefore, entry of default judgment is proper under Rule 55 given their failure to appear, plead or defend after service of process.

Because the court concludes that a default judgment is proper, under Rule 55(b), a final default judgment may be entered by the court[4] without a hearing if the claim "is for a sum certain or a sum that can be made by computation" upon the plaintiff's request with an affidavit showing the amount due.  Fed.R.Civ. P. 55(b)(1); See United States Artist Corp. v. Freeman, 605 F.2d 854, 857 (5th Cir. 1979) ("The case law is clear that a judgment by default may not be entered without a hearing unless the amount claimed is a liquidated sum or one capable of mathematical calculation.") (citations omitted).  The affidavit testimony indicates that the monetary damages sought by Wells Fargo Bank, N.A. are for a sum certain or for a sum which can by computation be made certain, to wit: $105,345.23 consisting of a principal balance of $100,885.51 and interest of $4,152.17 as of March 27, 2012 (with per diem interest accruing at $23.82 thereafter), and $307.55 in late fees. (See Exh. B to Doc. #10.)  Wells Fargo also asks for attorneys' fees and costs in the amount of $2,746.36.  (Exh. C to Doc. #10.)

Even in the default judgment context, "[a] court has an obligation to assure

---

[4] Although this court permits the Clerk of Court to enter default when appropriate pursuant to Rule 55(a), it is the practice of the judges of this court to reserve all decisions about the entry of a Rule 55(b) default judgment for the discretion of the particular judge to which the case is assigned, even when Rule 55(b)(1) permits the Clerk of Court to enter a default judgment because the plaintiff's claim against a defendant is for a sum certain or for a sum which can by computation be made certain.  Accordingly, Plaintiff's motion for default judgment in this case is properly before the undersigned.

that there is a legitimate basis for any damage award it enters." Anheuser Busch, Inc. v. Philpot, 317 F.3d 1264, 1266 (11th Cir. 2003); see also Adolph Coors Co. v. Movement Against Racism and the Klan, 777 F.2d 1538, 1544 (11th Cir. 1985) (explaining that damages may be awarded on default judgment only if the record adequately reflects the basis for award); Everyday Learning Corp. v. Larson, 242 F.3d 815, 818 (8th Cir.2001) (affirming lower court's decision not to award damages on default judgment, where requested damages were "speculative and not proven by a fair preponderance of the evidence"). "Rather than merely telling the Court in summary fashion what its damages are, a plaintiff seeking default judgment must show the Court what those damages are, how they are calculated, and where they come from." PNCEF, LLC v. Hendricks Bldg. Supply LLC, 740 F. Supp.2d 1287, 1292 (S.D.Ala. 2010). The court must abide by its obligations and award the amount adequately supported by the record. Wells Fargo Bank, N.A. has provided the court with ample evidence to make an award in the amount requested.

Based upon the court's review of the affidavit testimony and its study of the relevant case law, the Motion (Doc. #5) for Default Judgment against Defendants 3G Properties, Limited Liability Company and Gary D. Scott is due to be granted, and Wells Fargo Bank, N.A. is due to recover from Defendants: $105,345.23 consisting of a principal balance of $100,885.51 and interest of $4,152.17 as of March 27, 2012

(with per diem interest accruing at $23.82 thereafter), $307.55 in late fees, and $2,745.36 in attorneys fees. The court will enter a final default judgment in favor of Wells Fargo Bank, N.A. consistent with this memorandum opinion.

**DONE** this the  2nd  day of April, 2012.

*/s/ James H. Hancock*
SENIOR UNITED STATES DISTRICT JUDGE